John Harold FULLER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 11, 1973.

Certiorari Denied by Supreme Court
Nov. 19, 1973.

---

David T. Black, Maryville, for appellant.

David M. Pack, Atty. Gen., and Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for appellee.

## OPINION

RUSSELL, Judge.

This post-conviction proceeding has heretofore been before this court. The Petitioner, who stands convicted of first degree murder and is serving a life sentence, alleged in his petition that the jury which found him guilty did not specify in its verdict the degree of murder which they found him guilty of. Whether or not this allegation is true is the controlling fact in this case, and the determination of that single factual question was the purpose of the evidentiary hearing.

Upon the evidentiary hearing the petitioner based his case in chief solely upon the contents of the court file in his case, which he introduced into evidence and then closed. Contained therein was what purported to be a certified copy of the "verdict and sentence" in the case, which the present Clerk testified was customarily made up in such cases to be sent to the penitentiary officials when the prisoner was turned over to them. This document is upon a printed form, apparently designed in the hope that it would fit all cases, and, as to the jury verdict of guilt, says "the defendant is guilty in manner and form as charged in the bill of indictment".

However, the State introduced the official court minutes, and they clearly contradicted the pertinent copy of the "verdict and sentence". The minutes clearly show that the jury reported that "we find the defendant guilty of murder in the first degree".

Furthermore, the official court reporter who took the case testified that she had kept the recording of the proceeding in her possession, and reviewed it and made a transcript of the pertinent part, and that the jury reported "guilty of first degree murder, and we want to fix his sentence at life in the penitentiary".

The petitioner testified in rebuttal that the jury only found him "guilty as charged".

The trial judge found as fact that the jury did report the degree of murder of which they found the petitioner guilty, and dismissed the petition.

The official court minutes clearly show that the degree of murder was found and reported. The contention that the minutes were not properly signed because the trial judge only signed the minute book at the close of all of the entries for the day is without merit. No more is required. The daily caption, followed by entries reflecting all of the actions and orders of that day, and signed at the close of the day's minutes, complies with the law. T.C.A. § 16–106. It was not necessary for each individual order entered on the day in question to again be signed.

Finally, it is contended that the testimony of the court reporter was inadmissible hearsay. Her testimony as to what was reported by the jury was not hearsay, but testimony as to the *fact* of what was said. The hearsay exclusion at-

taches (subject to countless exceptions) when an out-of-court statement is offered in evidence to prove the truth of the matter contained therein. Here, the jury report was not introduced through this witness to prove that Fuller committed murder in the first degree, but it was introduced to prove the relevant and controlling fact that *the jury reported that he did.*

Affirmed.

DWYER, J., concurs.

W. WAYNE OLIVER, P. J. Pro Tem., did not participate in the disposition of this case.